**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| SANDRA MOORE, | |
| Plaintiff, | Case No. 4:26-cv-00111 |
| v. | |
| MPS GROUP, INC. and HERB LEWIS, | (Removed from the Circuit Court of Clay County, Missouri; Case No: 25CY-CV01930) |
| Defendants. | |

**NOTICE OF REMOVAL OF DEFENDANT MPS GROUP, INC.**

Defendant MPS Group, Inc. ("MPS"), by and through its undersigned counsel, and pursuant to 28 U.S.C. § 1441(a), 28 U.S.C. § 1332(a), and 28 U.S.C. § 1446, hereby file this notice of removal of this cause from the Circuit Court of Clay County, Missouri to the U.S. District Court for the Western District of Missouri, Western Division. In support of this Notice of Removal, Defendant MPS states as follows:

1.      On or about February 10, 2025, Plaintiff Sandra Moore ("Plaintiff") filed a Petition in the Circuit Court of Clay County, Missouri, captioned *Sandra Moore v. MPS Group, Inc. and Herb Lewis*, Case No. 25CY-CV01930. [Exhibit 1, State Court filings, at pp.1 to 15.]

2.      Defendant MPS was served with the Petition on February 19, 2025. [Exhibit 1 at pp. 21 to 25.] Defendant Herb Lewis ("Lewis") was not served at that time.

3.      Defendant MPS filed a motion to dismiss with suggestions in support in lieu of answering the Petition on March 21, 2025. [Exhibit 1 at pp. 26 to 31.]

4.      On or about April 1, 2025, Plaintiff filed her First Amended Petition for Damages [Exhibit 1 at pp. 32 to 46.]

1

5. Defendant MPS filed its Answer to Plaintiff's First Amended Petition for Damages on April 7, 2025. [Exhibit 1 at pp.47 to 90.] Defendant Lewis had still not been served at that time.

6. In her First Amended Petition for Damages, Plaintiff alleged claims of (1) sex discrimination and harassment, including a hostile work environment, in violation of the Missouri Human Rights Act ("MHRA"), and (2) retaliation in violation of the MHRA against Defendant MPS. Plaintiff also alleged a claim of battery against Defendant Lewis, having occurred on July 25, 2023. [Exhibit 1 at pp. 32 to 46, ¶¶ 42-43, 71-114.]

7. On or about November 26, 2025, Plaintiff passed away.

8. Under Mo. Rev. Stat. § 537.030, Plaintiff's claim for battery against Defendant Lewis does not survive Plaintiff's death.

9. As a result, Defendant Lewis is no longer a proper party to this action.

10. On November 28, 2025, Defendant Lewis was finally served with Plaintiff's First Amended Petition for Damages, 126 days after the two-year statute of limitations for battery actions under Mo. Rev. Stat. § 516.140 had lapsed. [Exhibit 1 at pp. 98 to 101.]

11. On January 28, 2026, Defendant Lewis filed a Motion to Dismiss Plaintiff's sole claim against him with prejudice in the Circuit Court of Clay County, Missouri. [Exhibit 1 at pp. 103 to 111.]

12. On February 9, 2026, Plaintiff's counsel advised counsel for Defendant Lewis that she would be dismissing Defendant Lewis by the end of this week.

13. Once Defendant Lewis is removed as a party, complete diversity of citizenship will exist between Plaintiff and Defendant MPS.

14. Counsel for Defendant Lewis has consented to removal of this action.

15.     The Circuit Court of Clay County, Missouri has yet to rule on Defendant Lewis's Motion to Dismiss, and the one-year period for removal based on diversity jurisdiction will close on February 10, 2026. Accordingly, the deadline to remove this action has not expired.

16.     The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), 28 U.S.C. § 1441(a)(b), and 28 U.S.C. § 1446.

17.     Pursuant to the Rules of this Court, Defendant MPS submits herewith a filing fee of $405.00.

18.     There are no other matters pending in state court that this Court will be required to resolve in conjunction with the removal of this matter.

## A.     Diversity Jurisdiction

19.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

20.     At the time of filing the Petition and at all relevant times, Plaintiff was a citizen of the State of Missouri.

21.     Defendant MPS is a corporation organized under the laws of the State of Michigan with its principal place of business in Farmington Hills, Michigan. [Exhibit 1 at p. 48, ¶ 4.]

22.     Defendant Lewis, a citizen of Missouri, is no longer a proper party to this action because Plaintiff's claim against Defendant Lewis does not survive under Missouri law.

23.     When Defendant Lewis is removed as a party, complete diversity exists between Plaintiff and Defendant MPS.

3

**B.      Amount in Controversy**

24.      The amount in controversy exceeds $75,000, exclusive of interests and costs, as Plaintiff seeks damages for alleged sex discrimination, harassment, hostile work environment, and retaliation under the MHRA, including but not limited to compensatory damages, special damages, and attorneys' fees.

**C.      Fraudulent Joinder**

25.      Under Missouri law, Plaintiff had an obligation to promptly serve the petition on Defendant Lewis and to prosecute her case with due diligence.

26.      Plaintiff failed to serve the petition on Defendant Lewis for more than nine months after first commencing this action.

27.      Plaintiff did not serve Defendant Lewis until November 28, 2025, which was two days after Plaintiff's death and 126 days after the two-year statute of limitations for battery actions under Mo. Rev. Stat. § 516.140 had lapsed.

28.      Under Missouri law, Plaintiff's claim for battery against Defendant Lewis does not survive Plaintiff's death.

29.      Defendant Lewis's continued presence as a party to this action is the sole obstacle to establishing diversity jurisdiction.

30.      Defendant Lewis has a pending Motion to Dismiss him with prejudice before the Circuit Court of Clay County, Missouri, and Plaintiff's counsel has agreed to dismiss him by the end of this week.

31.      Because the claim against Defendant Lewis is no longer viable, Defendant Lewis is not a proper party to this action, and his continued presence as a party to this action amounts to fraudulent joinder under 28 U.S.C. § 1446(c)(1).

4

32. Plaintiff's pursuit of the claims against Defendant Lewis, despite the fact that Plaintiff's claims against Defendant Lewis do not survive Plaintiff's death, should not prevent timely removal of this action.

33. Plaintiff's failure to prosecute her case against Defendant Lewis with due diligence, her failure to promptly serve Defendant Lewis with a copy of the petition, and the continued pursuit of her claims against Defendant Lewis after her death, amount to a bad faith effort to prevent timely removal of this action prior to the expiration of the one-year period for removal.

34. Due to the fraudulent joinder of Defendant Lewis, removal based on diversity of citizenship may occur more than one year after he commencement of this action under 28 U.S.C. § 1446(c)(1).

**D.     Timeliness of Removal**

35. This Notice of Removal is timely under 28 U.S.C. § 1446(b)(3) because it is filed within 30 days of Defendant MPS's receipt of notice that the case has become removable. Defendant MPS received notice of Defendant Lewis' Motion to Dismiss on January 28, 2026. It is also timely in that it is being filed in anticipation of Plaintiff's agreed upon dismissal of Defendant Lewis this week.

**E.     Venue**

36. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the Circuit Court of Clay County, Missouri is located within the Western Division of the U.S. District Court for the Western District of Missouri.

**F.** **Notice to State Court and Adverse Parties**

37. Pursuant to 28 U.S.C. § 1446(d), Defendant MPS will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Clay County, Missouri, and will serve written notice of the filing of this Notice of Removal on all parties.

**G.** **Relief Requested**

Wherefore, Defendant MPS Group, Inc. respectfully requests that the above-referenced state court action be removed from the Circuit Court of Clay County, Missouri to the U.S. District Court for the Western District of Missouri, Western Division, that the Court accept jurisdiction of this case, and that the Court grant such other relief as Defendant MPS Group, Inc. may show itself entitled that is consistent with said removal that the Court deems to be reasonable, appropriate, and just.

Respectfully submitted,

**Case Linden P.C.**

s/Kevin D. Case
Kevin D. Case, MO 41491
Ryan S. VanFleet, MO 64210
2600 Grand Boulevard, Suite 300
Kansas City, MO  64108
Tel:  (816) 979-1500
Fax:  (816) 979-1501
kevin.case@caselinden.com
ryan.vanfleet@caselinden.com
Attorneys for Defendant MPS Group, Inc.

6

## Certificate of Service

I hereby certify that on February 10, 2026, a true and correct copy of the above and foregoing was filed by electronic filing with the Clerk of the Court in the CM/ECF system and was served by First Class United States Mail, postage prepaid, and by electronic mail on the following counsel of record:

Dan Curry
Sarah Duggan
Jonathan K. McCoy
Brown & Curry, LLC
1600 Genessee, Ste. 956
Kansas City, MO  64102
Attorneys for Plaintiff

Kevin Baldwin
Baldwin & Vernon, LLC
108 S. Pleasant St.
Independence, MO  64050
Attorney for Plaintiff

Nicholas B. Bunnell
Robert White
Foley & Mansfield, PLLP
231 S. Bemiston Avenue, Suite 900
St. Louis, MO 63105
Attorneys for Defendant Herb Lewis

s/Kevin D. Case
Kevin D. Case

7